IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| VDF FUTURECEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civ. No. 11-00288 ACK-RLP |
| SANDWICH ISLES TRADING CO. INC. d/b/a Kona Red, Inc., et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING THE CASE**

      Defendant Sandwich Isles has filed a motion to stay this case pending reexamination of the three patents at issue in this case by the United States Patent and Trademark Office. (ECF No. 37.) Plaintiff VDF filed an opposition to this motion, and Sandwich Isles filed a reply in support. (ECF Nos. 44, 46.) Both parties have made persuasive arguments in support of their positions. The Court has decided to grant the motion to stay.

      The parties agree that in evaluating whether to stay proceedings in this case, the Court should consider the stage of litigation, whether a stay will unduly prejudice or tactically disadvantage the nonmoving party, and whether a stay will simplify the issues in question. (Mot. Mem. at 8; Opp'n at 16.)

      As to the first factor, the case is in an early stage. The Court has issued a ruling on VDF's motion to dismiss Sandwich

Isles's counterclaim, and initial discovery has commenced, but the <u>Markman</u> hearing is currently set for May 31, 2012, several months from now, and the jury trial is set for January 29, 2013, more than a year from now.[1/]

The second factor, which VDF asserts is the most important factor, is the potential for prejudice to the nonmoving party.  The Court acknowledges that if VDF prevails on its infringement claims against Sandwich Isles, the damages suffered may be difficult to measure, and their extent may be larger due to the additional delay caused by staying the case.  At the same time, at this early stage of proceedings, there is nothing in the record that demonstrates any likelihood of success on the merits for VDF (the Complaint's allegations of infringement are threadbare and conclusory, and they are all the Court has to go on at this point before discovery has been completed).

Moreover, the Court agrees with Sandwich Isles that VDF's arguments concerning prejudice from loss of market share are somewhat speculative, particularly given VDF's status as a licensor of patent rights rather than as a direct competitor of Sandwich Isles.[2/]  As Sandwich Isles points out, VDF has not

---

[1/] VDF argues that the timing of the request for reexamination is prejudicial.  The Court finds that the delay was justified by the status of settlement negotiations and was not in bad faith.

[2/] The Court notes that the parties dispute whether SoZo is
(continued...)

shown any specific evidence that quantifies the loss of customers or market share.  In any event, it appears that any prejudice caused by additional delay will be in large part compensable by money damages.  See Graceway Pharm. LLC v. Perrigo Co., 722 F. Supp. 2d 566, 577 (D.N.J. 2010).

The Court also notes that the PTO should decide whether to reexamine the patents very soon.  Consequently, if the PTO rejects the reexamination request, the delay caused by staying this case will be minimal, and in any event, the filing of this motion is not deemed premature.

Finally, the Court agrees with Sandwich Isles that the time between the issuance of the patent and VDF's filing of the complaint in this action, coupled with the lack of a motion for a preliminary injunction, tends to indicate that VDF is not suffering irreparable harm based on Sandwich Isles's allegedly infringing products.

In sum, the Court finds a stay will not unduly prejudice or tactically disadvantage VDF.

The final factor weighs heavily in the Court's analysis.  The Court is persuaded by the analysis in the Guthy-Renker Fitness case, set forth at length in Sandwich Isles's reply:

---

[2/] (...continued)
a direct competitor of Sandwich Isles; the Court does not, for purposes of this order, resolve that dispute.

> [W]aiting for the outcome of the reexamination could eliminate the need for trial if the pertinent claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims. The claims of the patent will likely be amended or narrowed during reexamination. Therefore, the final form of the claims will remain uncertain until the conclusion of the reexamination procedure.
>
> It makes sense to ascertain the ultimate scope of the claims before trying to figure out whether [Sandwich Isles's] products infringe [VDF's patents]. Absent a stay, the parties may end up conducting a significantly wider scope of discovery than necessary, and the court may waste time examining the validity of claims which are modified or eliminated altogether during reexamination. Moreover, since the Court will need to interpret the pertinent claims of the patent at some point during this case, waiting until after the reexamination will provide this Court with the expertise of the PTO.

<u>Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness Inc.</u>, No. CV 97-7681 LGB (EX), 1998 WL 670240, at *3 (C.D. Cal. July 17, 1998) (citations omitted). The Court particularly notes that some or all of the Court's determinations at the scheduled <u>Markman</u> hearing in May could be undermined by the PTO's reexamination, forcing the Court to hold a second <u>Markman</u> hearing to address new versions of the claims. This would be a waste of the Court's and the parties' resources, whereas awaiting the PTO's determination will give the Court the benefit of the PTO's expertise. The statistics cited by both parties tend to indicate that modification of at least some claims is likely. Moreover, the

Court will benefit from the PTO's decision on the reexamination request even though the <u>ex parte</u> reexamination will not preclude Sandwich Isles from arguing its case before this Court.  The Court notes that Congress made possible the <u>ex parte</u> process in addition to a court challenge.  Finally, the Court also agrees with Sandwich Isles that even though reexamination would not resolve all of the claims in this matter—particularly some of the claims in Sandwich Isles's counterclaim—all of the claims in this action are intertwined with the patents-in-suit such that the PTO's further analysis will be beneficial.

  The Court recognizes that staying the proceedings while Sandwich Isles's originally filed counterclaim remained pending could have had negative effects on the reputations of those accused in the counterclaim of inequitable conduct.  But the Court has dismissed those portions of the counterclaim, and, having alerted Sandwich Isles to the heightened pleading requirements for such claims, anticipates that any amended counterclaim will be carefully measured.

  For the foregoing reasons, the Court STAYS proceedings in this case pending resolution of the pending reexamination procedures in the PTO.  The following filings will be permitted: First, Sandwich Isles is permitted to file an amended counterclaim within thirty days of this order.  Second, VDF is permitted to answer or otherwise respond to any amended

counterclaim filed within sixty days of this order.  The Court will not enter any decision on any such filings until the stay is lifted.

The parties are DIRECTED to inform the Court within thirty days of the resolution of the reexamination proceedings, whether due to a rejection of the reexamination request or the completion of the reexamination process.

After the deadline for the parties to file the documents permitted above, the Clerk of Court is DIRECTED to administratively close this action without prejudice to any party.  The closing is administrative only and thus has no effect on the procedural or substantive rights of any party or any limitations period.  Any party may move to reopen the case after the PTO rejects the reexamination request or issues its decision, and the parties shall promptly inform this court in writing of the disposition of the reexamination request, at which time the stay will be automatically dissolved if not earlier.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaiʻi, December 27, 2011.



                                           _____
                                           Alan C. Kay
                                           Sr. United States District Judge

<u>VDF Futureceuticals, Inc. v. Sandwich Isles Trading Co.</u>, Civ. No. 11-00288 ACK-RLP: Order Staying Proceedings